ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DAVID L. KIRMAN (Cal State Bar No.: 235175)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4442
     Facsimile: (213) 894-2387
     E-mail: david.kirman@usdoj.gov

JENNIFER SHASKY CALVERY, Chief
MATTHEW S. HASLINGER, Trial Attorney
Asset Forfeiture and Money Laundering Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue, N.W.
     Washington, DC 20530
     Telephone: (202) 514-1263
     Facsimile: (202) 616-2547
     E-mail: matthew.haslinger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 12-00560-JFW |
| Plaintiff, | ) <u>GOVERNMENT'S *EX PARTE*</u> |
| | ) <u>APPLICATION FOR AN ORDER</u> |
| v. | ) <u>ALLOWING DISCLOSURE OF GRAND</u> |
| | ) <u>JURY TESTIMONY; MEMORANDUM OF</u> |
| G&A CHECK CASHING, | ) <u>POINTS AND AUTHORITIES;</u> |
| | ) <u>DECLARATION OF AUSA DAVID L.</u> |
| Defendant. | ) <u>KIRMAN; [PROPOSED] ORDER</u> |
| | ) Trial Date: October 23, 2012 |
| | ) Time: 8:30 a.m. |
| | ) Place: Courtroom of the Hon. |
| | )         John F. Walter |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies <u>ex parte</u> for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendants' counsel of record with a copy of the grand jury testimony of a witness whom the government may call at trial.

The government makes this application because of defendants' need to prepare their case and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500. This application is based on the attached Memorandum of Points and Authorities and Declaration of David L. Kirman, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: August 27, 2012            Respectfully submitted,

                                  ANDRÉ BIROTTE JR.
                                  United States Attorney

                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                         /s/
                                  ─────────────────────────────
                                  MATTHEW HASLINGER
                                  Trial Attorney
                                  Asset Forfeiture and Money
                                  Laundering Section
                                  U.S. Department of Justice

                                         /s/
                                  ─────────────────────────────
                                  DAVID L. KIRMAN
                                  Assistant United States Attorney
                                  Major Frauds Section

MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of

    crimes; [and] (5) to protect [an] innocent accused who
is exonerated from disclosure of the fact that he has
been under investigation, and from the expense of
standing trial where there was no probability of guilt.
United States v. Procter & Gamble Co., 356 U.S. 677, 681, n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble, and Douglas Oil Co. of Calif. v. Petrol Stops Northwest, 441 U.S. 211, 219 (1979), for the same proposition). In United States Industries, Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

    In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel, would be in the interest

of justice and allow defense counsel material necessary to the defense in advance of trial.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness the government may call at trial.

Dated: August 27, 2012        Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


            /s/
MATTHEW HASLINGER
Trial Attorney
Asset Forfeiture and Money
Laundering Section
U.S. Department of Justice

            /s/
DAVID L. KIRMAN
Assistant United States Attorney
Major Frauds Section

## DECLARATION OF DAVID L. KIRMAN

I, David L. Kirman, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of <u>United States v. G&A Check Cashing et al.</u>, CR No. 12-560-JFW. I make this declaration in support of the government's <u>ex parte</u> application for an order permitting disclosure of a grand jury transcript.

2. I expect that the Government may call at trial a witness who testified before the grand jury during the investigation of this case. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to the defendant.

3. On August 27, 2012, the Court held a status conference and ordered the government to file an <u>ex parte</u> application for release of grand jury testimony that day. No party raised an objection to the <u>ex parte</u> application at the hearing. At 3:10 p.m., I sent defense counsel an email asking them to notify me if they had any objections to the <u>ex parte</u>. Counsel for G&A notified me he has no objection to the application. As of the time of filing of the instant application, counsel for defendants Gasparian and Sanchez have not responded.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on August 27, 2012, at Los Angeles, California.

_____
DAVID L. KIRMAN