ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DAVID L. KIRMAN (Cal State Bar No.: 235175)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4442
    Facsimile: (213) 894-2387
    E-mail: david.kirman@usdoj.gov

JAIKUMAR RAMASWAMY, Chief
KEVIN MOSLEY
ANAND SITHIAN
Trial Attorneys
JEANNETTE GUNDERSON
Acting Assistant Deputy Chief
Asset Forfeiture and Money Laundering Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, N.W.
    Washington D.C. 20530
    (202) 528-2801
    (202) 514-5522
    E-mail: kevin.mosley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR No. 12-0560-JFW |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S APPLICATION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE AND CRIMINAL FORFEITURE MONEY JUDGMENT AT SENTENCING; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | ) | |
| KAREN GASPARIAN, | ) | |
| Defendant. | ) | SENTENCING DATE: January 14, 2013 TIME: 10:00 AM CTRM: 16 |

i

Plaintiff, United States of America, by and through its undersigned attorneys, hereby applies for entry of a preliminary order of forfeiture and personal money judgment of forfeiture at sentencing in the amount of $736,259.24, pursuant to Fed. R. Crim. P. 32.2(b), and the defendant's plea of guilty to Count One of the Indictment.

This application is supported by the factual basis for the guilty plea; the attached Declaration; and the matters set forth in the accompanying Memorandum of Points and Authorities.

Dated: December 17, 2012

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney


                    /s/
DAVID L. KIRMAN
Assistant United States Attorney


JAIKUMAR RAMASWAMY, Chief
Asset Forfeiture and
  Money Laundering Section
Criminal Division
U.S. Department of Justice


                    /s/
KEVIN MOSLEY
ANAND SITHIAN
Trial Attorneys
JEANNETTE GUNDERSON
Acting Assistant Deputy Chief
Asset Forfeiture and
  Money Laundering Section
Criminal Division
U.S. Department of Justice

Attorneys for Plaintiff
United States of America

ii

# Table of Contents

I.  INTRODUCTION ................................................ 1

II. FACTS SUPPORTING ENTRY OF MONEY JUDGMENT .................... 1

    A. Facts Admitted to at Plea Hearing......................... 1

    B.  Facts from Declaration of FBI Special Agent Darrell Twedt 3

III. BOTH A PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT
ARE PROPERLY ENTERED AT THIS TIME ............................. 5

    A.  The Government Is Entitled to Both a Preliminary Order of
    Forfeiture and a Money Judgment of Forfeiture in the Amount of
    $736,259.24 ............................................... 6

    B.  Criminal Forfeiture is Mandatory ......................... 9

    C. The Defendant and G&A are Jointly and Severally Liable..... 9

IV. FORFEITURE MUST BE PRONOUNCED AT SENTENCING ............... 10

V. CONCLUSION ................................................. 10

1                                **Table of Authorities**

2 **Cases**

3 United States v. Casey, 444 F.3d 1071, 1077 (9th Cir. 2006) ...10

4 United States v. Castello, 611 F.3d 116, 118 (2d Cir. 2010) ....7

5 United States v. Commercial Carrier, Inc., 232 F. Supp. 2d 201,

6   204 (S.D.N.Y. 2002)........................................11

7 United States v. Elder, 682 F.3d 1065, 1073 (8th Cir. 2012) ...11

8 United States v. Garcia-Guizar, 160 F.3d 511, 517-18 (9th Cir.

9   1998)......................................................8

10 United States v. Hill, 167 F.3d 1055, 1073 (6th Cir. 1999) ....11

11 United States v. Nava, 404 F.3d 1119, 1124 (9th Cir. 2005) ....11

12 United States v. Seher, 562 F.3d 1344, 1369—70 (11th Cir. 2009) 7

13 United States v. Spano, 421 F.3d 599, 603 (7th Cir. 2005) ......8

14 United States v. Ursery, 518 U.S. 267, 291 (1996) .............10

15 United States v. Varrone, 554 F.3d 327, 330—31 (2nd Cir. 2009) .7

16 **Statutes**

17 18 U.S.C. § 371 ................................................1

18 31 U.S.C. § 5313 ..............................................6

19 31 U.S.C. § 5313(a) ........................................1, 8

20 31 U.S.C. § 5317(c) ...........................................7

21 31 U.S.C. § 5317(c)(1) ........................................7

22 31 U.S.C. § 5317(c)(1)(A) ...............................5, 7, 12

23 31 U.S.C. § 5318(h) ...........................................3

24 31 U.S.C. § 5324 ..............................................7

25 31 U.S.C. § 5324(a)(1) ...................................1, 5, 8

26 **Other Authorities**

27

28                                  iv

Stefan D. Cassella, Asset Forfeiture Law in the United States,
   §19-4, p. 579 (1 Ed., JurisNet 2007)..........................10

**Rules**

Fed. R. Crim. P. 32.2(a) .....................................5

Fed. R. Crim. P. 32.2(b) .....................................1

Fed. R. Crim. P. 32.2(b)(1)(A) ............................6, 9

Fed. R. Crim. P. 32.2(b)(1)(B) ...............................8

Fed. R. Crim. P. 32.2(b)(2)(B) ...............................6

Fed. R. Crim. P. 32.2(b)(4)(B) ..............................12

Fed. R. Crim. P. 32.2(e) ....................................10

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Karen Gasparian ("defendant") pled guilty to Counts 1 (conspiracy to fail to file currency transaction reports) and 12 (failure to have an adequate anti-money laundering program) of the Indictment.  The Indictment gave the defendant notice that, upon conviction or a plea of guilty to Count One (conspiracy to cause a financial institution to fail to file a currency transaction report, in violation of 18 U.S.C. § 371), the government would seek criminal forfeiture.  Pursuant to Rule 32.2(b), Federal Rules of Criminal Procedure, the government now applies for the entry of a preliminary order of forfeiture and a criminal forfeiture money judgment against the defendant.  The proposed money judgment is requested in the amount of $736,259.24, which sum the defendant and his co-conspirator G&A Check Cashing received from their violation of 18 U.S.C. § 371 and 31 U.S.C. §§ 5324(a)(1) and 5313(a).

### II.  FACTS SUPPORTING ENTRY OF MONEY JUDGMENT

#### A.   Facts Admitted to at Plea Hearing

For the purposes of this Application, the government refers the Court to the factual basis admitted by the defendant at defendant's plea hearing on September 20, 2012.  At that hearing, the defendant admitted the following:

From at least 2006 through 2011, defendant Karen Gasparian was employed at G&A Check Cashing ("G&A"), a check cashing store located at 2901 Beverly Boulevard, Los Angeles, California.  As a check cashing store, G&A was a financial institution within

1

the meaning of the Bank Secrecy Act ("BSA").  G&A was engaged in the business of, among other things, cashing checks for other people for currency.

As part of defendant's duties at G&A, he cashed and facilitated the cashing of checks.  Defendant was aware that the BSA required financial institutions like G&A to file a "Currency Transaction Report" ("CTR") with the Department of Treasury for any single transaction where it provided more than $10,000 to an individual on a single day.  For the purposes of determining whether filing a CTR was mandatory, defendant knew that the BSA required G&A to aggregate multiple currency transactions and treat them as a single transaction if the multiple transactions were by or on behalf of one person and resulted cash-out totaling more than $10,000 during any one business day.

In addition, defendant was aware that the BSA required G&A to develop, implement, and maintain an effective anti-money laundering program reasonably designed to prevent G&A from being used to facilitate money laundering.  Despite this knowledge, defendant failed to implement an effective money laundering policy by not obtaining identification and not filing CTRs when he knew they were required.[1]

At some point between 2009 and 2011, defendant knowingly entered into an agreement with another (other than the two confidential government sources) to cash bundles of checks which

---

[1] The government does not seek forfeiture for the defendant's plea of guilty to Count 12 in the Indictment because forfeiture is not authorized for a violation of 31 U.S.C. § 5318(h).

2

in aggregate totaled over $10,000 in one business day, knowing that these bundled transactions were by and on behalf of one person, without filing a CTR. The defendant became a member of the conspiracy knowing its object was to avoid the CTR requirement and intending to help accomplish the object. For these bundled transactions exceeding $10,000, defendant knew that a CTR was required but did not file the CTRs. As part of the conspiracy, defendant knew the following transactions required a CTR but defendant willfully failed to file one:

| APPROXIMATE TRANSACTION DATE | CHECK NUMBERS | TOTAL FACE VALUE OF CHECKS | CASH OUT TOTAL |
| --- | --- | --- | --- |
| 2/23/2009 | 1334, 1335, 1336 | $15,000 | $13,800 |
| 03/13/2009 | 1463, 1464, 1465 | $12,903 | $12,000 |
| 03/31/2009 | 1304, 1305, 1306 | $11,828 | $11,000 |
| 05/04/2009 | 1307, 1308, 1309 | $11,828 | $10,999 |
| 12/15/2009 | 1394, 1395, 1396 | $12,903 | $12,247 |
| 3/16/2011 | 1046, 1047, 1048, 1055 | $12,000 | $11,640 |

B.   **Facts from Declaration of FBI Special Agent Darrell Twedt**

As further discussed in the attached Declaration of Special Agent Darrell Twedt, in May of 2009, the California Franchise Tax Board ("CFTB"), pursuant to a warrant, searched the home of Gagik Gasparian, the owner of G&A, and recovered a binder of checks. A similar binder was recovered from G&A Check Cashing. These two binders showed that from 2006 through 2009, G&A cashed over $24,541,974.82 in checks through 918 "structured transactions" without ever filing CTRs. The government has been

3

able to trace at least $11 million of these checks to deposits made into G&A's operating accounts. Records of the checks deposited into one of G&A's operating accounts, that held at First Federal Bank between December 2006 and July 2007, are unavailable due to First Federal Bank's subsequent merger with One West Bank. However, the available records indicate the total deposits and withdrawals on G&A's First Federal account total $9,694,297.

During an undercover operation with Confidential Witness #1 ("CW1"), CW1 cashed checks drawn on an undercover FBI account in the name of La Brea Health Diagnostics at G&A on multiple occasions. CW1's check cashing transactions typically took place using an intermediary named Aharon Krkasharyan. On each of these occasions, CW1 would present multiple checks whose aggregate value was over $10,000. Copies of the checks CW1 cashed appear in the binders CFTB recovered from Gagik Gasparian and from G&A. The checks CW1 presented in a single transaction would be copied onto a single page in a binder, dated either the day of or the business day after CW1 delivered the checks to Krkasharyan and the name "Aharon," Krkasharyan's first name, on the bottom of the page. CW1 was charged a 5% fee for his transactions.

On one occasion during an undercover operation with Confidential Informant #2 ("CW2"), CW2 went to G&A and met with the defendant. CW2 gave the defendant several signed blank checks purportedly from an account in the name of University Med Tech (an FBI undercover account). CW2 told the defendant that

4

he wished to cash $12,000.  The defendant told CW2 that he charges a fee of 3%.  CW2 later received $11,640 from Gasparian for the cashed checks, which reflected the aggregate total of the checks ($12,000) less G&A's 3% fee of $360.

## III. BOTH A PRELIMINARY ORDER OF FORFEITURE AND MONEY JUDGMENT ARE PROPERLY ENTERED AT THIS TIME

The defendant's plea to the charges alleged in Count 1 in the Indictment requires the forfeiture of all right, title, and interest in any and all property, real or personal, involved in the conspiracy to violate Title 31, United States Code, Sections 5313(a) and 5324(a)(1), and any property traceable to such property, pursuant to 31 U.S.C. § 5317(c)(1)(A).  As required in Fed. R. Crim. P. 32.2(a) the defendant was on notice that the government would seek forfeiture because the Indictment included forfeiture allegations related to Count 1.

The proposed preliminary order and money judgment in the amount of $736,259.24 that accompany this application are based on the defendant's plea of guilty to Count 1 of the Indictment, the factual basis for the guilty plea, and the attached Declaration provided with this application.  The defendant shall be jointly and severally liable for this amount with his co-conspirator G&A. As contemplated by Rule 32.2(b)(2)(B), the government requests that the Court enter the money judgment prior to or at the time of sentencing.

**A.   The Government Is Entitled to Both a Preliminary Order of Forfeiture and a Money Judgment of Forfeiture in the Amount of $736,259.24**

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1)(A).

In imposing a sentence for a violation of or a conspiracy to violate 31 U.S.C. §§ 5313 and 5324, the Court "shall order the defendant to forfeit all property, real or personal, involved in the offense or traceable thereto.  31 U.S.C. § 5317(c)(1).  "The term 'involved in' has consistently been interpreted broadly by courts to include any property involved in, used to commit, or used to facilitate the offense."  United States v. Seher, 562 F.3d 1344, 1369—70 (11th Cir. 2009) (quotation marks and citation omitted); see United States v. Varrone, 554 F.3d 327, 330—31 (2nd Cir. 2009) (holding that forfeiture of property "involved in" an offense under § 5317(c) requires forfeiture of more than just instrumentalities and upholding forfeiture of the accounts of a check cashing business that failed to file CTRs).  "In fixing the amount of forfeiture [under 31 U.S.C. § 5317(c)(1)(A)], the statute . . . affords no leeway: All property involved in the failure to file CTRs is forfeited as well as all property traceable to that offense."

6

United States v. Castello, 611 F.3d 116, 118 (2d Cir. 2010) (ordering district court to impose forfeiture of four percent of the value of the checks exceeding $10,000 for which no CTRs were filed). Defendants involved in a conspiracy are jointly and severally liable for property subject to forfeiture as the result of the conspiracy. United States v. Spano, 421 F.3d 599, 603 (7th Cir. 2005).

The government must prove what property is subject to forfeiture, including the amount of a money judgment, by a preponderance of the evidence. See United States v. Garcia-Guizar, 160 F.3d 511, 517-18 (9th Cir. 1998). "The court's [forfeiture] determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

Here, the proof necessary to determine the amount subject to forfeiture is already in the record or is included in the Declaration of Special Agent Twedt. The binders recovered from G&A and its owner, Gagik Gasparian, show that, in the course of the conspiracy to violate 31 U.S.C. §§ 5313(a) and 5324(a)(1), the defendant and G&A cashed over $24,541,974.82 in checks through 866 structured transactions without ever filing CTRs. That these binders reflect the checks cashed in the course of the conspiracy to fail to file CTRs is corroborated by the appearance of the checks cashed by CW1 in these binders,

complete with a proper reference to the approximate date of the transaction and the individual to whom the funds should be paid.

The government seeks forfeiture of the 3% in fees, that is $736,259.24, representing the minimum fee charged by the defendant and G&A for over $24,541,974.82 in recorded transactions in which CTRs should have been filed, as property involved in or traceable to the conspiracy to cash checks without filing of required CTRs.  The fees earned by the defendant and G&A in the course of the conspiracy were involved in the course of the conspiracy by facilitating the filing offenses by making them profitable and supporting the ongoing business.  The fees were also deducted from the bundled checks that G&A and the defendant cashed without filing.

Despite the efforts of law enforcement, the government does not have custody of and cannot locate the monies directly involved in the conspiracy activity described in Count 1. Because the specific property involved in the crime cannot be located, an order forfeiting a money judgment equal to the amount involved in that offense is appropriate.  See Fed. R. Crim. P. 32.2(b)(1)(A).  A money judgment preserves one of the primary purposes of forfeiture, namely to ensure that those that break the law do not profit from their crimes.  United States v. Ursery, 518 U.S. 267, 291 (1996); see United States v. Casey, 444 F.3d 1071, 1077 (9th Cir. 2006) (because forfeiture is mandatory, a defendant who has already spent the money involved in the underlying offense must pay a money judgment; otherwise, he will have been allowed to enjoy the fruits of his crime,

8

which would be inconsistent with the remedial purpose of the forfeiture laws). Such a judgment represents the "defendant's continuing obligation to forfeit the money derived from or used to commit his criminal offense whether he has retained the actual dollars in his possession or not." Stefan D. Cassella, Asset Forfeiture Law in the United States, §19-4, p. 579 (1 Ed., JurisNet 2007).

After entry of the money judgment, if the government at any time collects on the money judgment, the outstanding money judgment amount shall be reduced to the extent any specific property is successfully forfeited. See Fed. R. Crim. P. 32.2(e).

**B.   Criminal Forfeiture is Mandatory**

Forfeiture is a mandatory part of the defendant's sentence where provided by statute. United States v. Nava, 404 F.3d 1119, 1124 (9th Cir. 2005) (the district court must order forfeiture in addition to imposing any other sentence); United States v. Hill, 167 F.3d 1055, 1073 (6th Cir. 1999). Thus, the Court must order the forfeiture of property shown to have been involved in the crime to which the defendant pled guilty and, where appropriate, issue a forfeiture money judgment.

**C.   The Defendant and G&A are Jointly and Severally Liable**

The defendant and G&A are jointly and severally liable for the requested $736,259.24 money judgment as co-conspirators. United States v. Elder, 682 F.3d 1065, 1073 (8th Cir. 2012) (explaining that a co-conspirator "is jointly and severally liable to forfeit the proceeds of the criminal enterprise");

1    United States v. Commercial Carrier, Inc., 232 F. Supp. 2d 201,

2    204 (S.D.N.Y. 2002) (imposing money judgment and holding that

3    "coconspirators are liable jointly and severally to forfeit the

4    reasonably foreseeable proceeds of their criminal activity").

5    **IV.  FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

6          At sentencing, pursuant to Rule 32.2(b)(4)(A) of the

7    Federal Rules of Criminal Procedure, the order of forfeiture

8    becomes final as to the defendant.  The Court must pronounce the

9    forfeiture conditions orally as part of the sentence imposed on

10   the defendant (or at least make reference to them) and include

11   the forfeiture in the judgment and commitment order.  Rule

12   32.2(b)(4)(B).  The government recommends that the following

13   language be read to the defendant and modified as appropriate

14   for inclusion in the judgment and commitment order:

15          Pursuant to 31 U.S.C. § 5317(c)(1)(A), defendant shall
16          forfeit to the United States the sum of $736,259.24 in
             the form of a personal money judgment for the violation
17          described in Count One of the Indictment.

18

19   ///

20

21

22

23

24

25

26

27

28

                                  10

## V. CONCLUSION

For the foregoing reasons, the Court should enter the proposed Preliminary Order of Forfeiture and Money Judgment.

DATED: December 17, 2012

Respectfully submitted,
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/
DAVID KIRMAN
Assistant United States Attorney


JAIKUMAR RAMASWAMY, Chief
Asset Forfeiture and
    Money Laundering Section


/s/
KEVIN MOSLEY
ANAND SITHIAN
Trial Attorneys
JEANNETTE GUNDERSON
Acting Assistant Deputy Chief
Asset Forfeiture and
    Money Laundering Section
Criminal Division
U.S. Department of Justice


Attorneys for Plaintiff
United States of America

11