# EXHIBIT B

| Entity Name: G & A Check Cashing | Examiner:  Tony Nguyen |
|---|---|
| TIN: 95-4801199 | Date:7/22/08 |
| Period Beginning:  12/1/2007 | |
| Period Ending:      5/31/2008 | |

## Check Cashing Lead Sheet – Title 31

**Conclusion:**

No reporting violations found.

| Exam Steps:  *(Document exam steps taken or to be taken.)* | Workpaper Reference |
|---|---|
| 1.  Is this an MSB check casher?  31 CFR 103.11 | 305 |
| 2.  Reconcile sources of cash to known business purpose | 305 |
| 3.  Test Transactions for greater than $10,000 | 305 |
| 4.  Test for multiple transactions aggregating to greater than $10,000 | 305 |
| 5.  Evaluate SAR potential in conjunction with other financial  services | 305 |
| 6.  Reconcile reportable transactions to the retained copies and CBRS for completeness and accuracy | 305 |
| 7.  Evaluate AML Compliance Program implementation  ▪  Document any areas of potential "risk" for money laundering or terrorist activity | 305 |

**Facts:**  *(Document the relevant facts.)*

1.  MSB is a check casher as defined by 31 CFR 103.11.

2.  Reviewed bank statements, deposit slips, and check cashing records. Reconciled checks cashed to deposit slips and bank statements. It appeared all checks cashed were deposited.

3.  Reviewed deposit slips, calculator tapes, and check cashing records. No single transactions exceeded $10,000.

4.  Reviewed and logged copy of checks deposited from both Mirae and Pacific City Bank.  It appeared that a large number of checks cashed were drawn on the bank accounts of 10 individuals/companies (wp 305-2). These individuals/companies appeared to have written checks to their vendor who ALL coincidently cashed their checks at G&A. I inquired about these customers and Mr. Sanchez said although his AML program called for identification he did not check these customers' IDs because they are cashing checks from known customers who checks are reliable. Although the check cashing pattern is unusual there is no BSA violations found.

5.  SAR potential in conjunction with other services is low due. Volume for both money order and money transfer services were low and transaction amounts were small.

6.  No reportable transactions noted.

7.  Risk of customers structuring or laundering money is very high because MSB failed to implement their AML program and did not check/obtain customer's ID as prescribed.

**Law:**  *(Tax Law, Regulations, court cases, and other authorities.  If Unagreed, add Argument)*

CFR §

Specific citations:

**Check Cashing Lead Sheet – Title 31**                    **Workpaper #:**        305-1.1

**Rev. 11/2005**

GACC000699

| | |
|---|---|
| Entity Name: G & A Check Cashing<br>TIN: 95-4801199<br>Period Beginning:  12/1/2007<br>Period Ending:      5/31/2008 | Examiner:  Tony Nguyen<br>Date:7/22/08 |

## Check Cashing Lead Sheet – Title 31

**Entity Position:**  *(If applicable)*

Discussed with Sanchez specifically about checks wrote by Palm Springs Medical Supplies. In the later half of April 2008 this customer wrote 21 checks totaling over $67,000. All checks were written to 21 different individuals who ended up cashing checks at G&A and each of the check did not exceed $5000. No IDs were obtained on these customers. I asked Mr. Sanchez why and he said Palm Springs Medical Supplies is a known good customer and therefore their checks are automatically honored. Therefore, customers presenting their checks were not asked for IDs. I asked if Mr. Sanchez actually gave the money to these individuals separately or to Palm Springs and he said the customers actually came in to cash checks. I inquired about other check writers and got the same answers from Mr. Sanchez. I asked if Mr. Sanchez thought it's an unusual coincident and he said these companies always send customers to G&A. Although the check cashing pattern is unusual and has indication of structuring there is no evidence to confirm such activity took place.

| | |
|---|---|
| Entity Name: G & A Check Cashing<br>TIN: 95-4801199<br>Period Beginning: 12/1/2007<br>Period Ending:     5/31/2008 | Examiner:  Tony Nguyen<br>Date: 5/20/08 |

## Money Transmitter Lead Sheet – Title 31

**Conclusion:**

==There were no recordkeeping or CTR reporting violations.==

| **Audit Steps:**  *(Document exam steps taken or to be taken.)* | **Workpaper Reference** |
|---|---|
| 1.  Is this entity a money transmitter?  31 CFR 103.11 | 310 |
| 2.  Probe for IVTS (Hawala, etc.) | 310 |
| 3.  Reconcile sources of cash to known business purpose | 310 |
| 4.  Test Transactions for greater than $10,000 | 310 |
| 5.  Test for multiple transactions aggregating to greater than $10,000 | 310 |
| 6.  Test transactions for recordkeeping requirements at $3,000 | 310 |
| 7.  Evaluate SAR potential at $2,000 threshold or unusual patterns below threshold | 310 |
| 8.  If entity provides multiple money transmitter services, test for patterns of structuring | 310 |
| 9.  Reconcile reportable transactions to the retained copies and CBRS for completeness and accuracy | 310 |
| 10. Address FBAR requirements | 310 |
| 11. Evaluate AML Compliance Program implementation<br> ▪ Document any areas of potential "risk" for money laundering or terrorist activity | 310 |

**Facts:**  *(Document the relevant facts.)*

1. The entity is an agent of a money transmitter as defined by 31 CFR 103.11. The entity offers Western Union service.

2. Inquired about physical transportation of money across border. No indication of IVTS noted.

3. Traced withdrawals made by Western Union on bank statement to daily closeout reports. It appeared all funds were deposited.

4. Reviewed closeout reports and Western Union detail transaction download. No single transaction greater than $10,000 found.

5. Reviewed closeout reports and Western Union detail transaction download. Three bill payment transactions from one customer in 2/22/08 totaling over $13,000. An outdated CTR form 4789 was filed on the customer.

6. Reviewed Western Union detail transaction download and original send/receive forms. SSN or passport #, and government issued ID were obtained for all transactions $3000 and over.

7. No unusual patterns above or below threshold noted at this location. SAR potential is low due to low small transaction amount.

8. Only 1 service provided.

9. The reportable transaction was apparently reported by Western Union. A copy of the CTR was found on CBRS.

10. N/A

GACC000701

| | |
|---|---|
| Entity Name: G & A Check Cashing | Examiner:  Tony Nguyen |
| TIN: 95-4801199 | Date: 5/20/08 |
| Period Beginning:  12/1/2007 | |
| Period Ending:     5/31/2008 | |

## Money Transmitter Lead Sheet – Title 31

11. Risk of potential money laundering is low due to small transaction amount.

**Law:**  *(Law, Regulations, court cases, and other authorities.  If Unagreed, add Argument)*

CFR §

Specific citations:

**Entity Position:**  *(If applicable)*

| | |
|---|---|
| Entity Name: G & A Check Cashing<br>TIN: 95-4801199<br>Period Beginning:  12/1/2007<br>Period Ending:      5/31/2008 | Examiner:  Tony Nguyen<br>Date: 5/20/08 |

## Money Orders/Travelers Checks Seller/Redeemer Lead Sheet - Title 31

| **Conclusion:** |
|---|
| No recordkeeping or reporting violations found. |

| **Exam Steps:**  *(Document exam steps taken or to be taken.)* | **Workpaper Reference** |
|---|---|
| 1.  Is this seller/redeemer of money order/travelers checks an MSB?<br>    31 CFR 103.11 | 315 |
| 2.  Test transactions for greater than $10,000 | 315 |
| 3.  Test for multiple transactions aggregating to greater than $10,000 | 315 |
| 4.  Test transactions for recordkeeping requirements at $3,000 | 315 |
| 5.  Evaluate SAR potential at $2,000 threshold or unusual patterns below threshold | 315 |
| 6.  Reconcile reportable transactions to the retained copies and CBRS for completeness and accuracy | 315 |
| 7.  Evaluate AML Compliance Program implementation<br>    ▪  Document any areas of potential "risk" for money laundering or terrorist activity | 315 |

| **Facts:**  *(Document the relevant facts.)* |
|---|
| 1.  This seller of money order is an MSB as defined by 31 CFR 103.11. The MSB is selling money order as an agent of Continental Express. |
| 2.  Reviewed daily closeout reports. Reviewed Continental Express detail transaction download. No transactions greater than $10,000. |
| 3.  Reviewed daily closeout reports. Reviewed Continental Express detail transaction download. No multiple transactions aggregating greater than $10,000. |
| 4.  Reviewed daily closeout reports. Reviewed Continental Express detail transaction download. No block of money orders $3000 or more. |
| 5.  SAR potential is low due to small transaction amount. |
| 6.  N/A, no reportable transactions found. |
| 7.  AML program appeared to be consistently implemented in this area. Potential risk for money laundering or terrorist activity is low due to small transaction amount. |

| **Law:**  *(Law, Regulations, court cases, and other authorities.  If Unagreed, add Argument)* |
|---|
| CFR § |
| Specific citations: |

| **Entity Position:**  *(If applicable)* |
|---|
| |

| Entity Name: G & A Check Cashing | Examiner:  Tony Nguyen |
|---|---|
| TIN: 95-4801199 | Date: 7/22/08 |
| Period Beginning:  12/1/2007 | |
| Period Ending:     5/31/2008 | |

## Suspicious Activity Report Lead Sheet – Title 31

| **Conclusion:** |
|---|
| No violations found. |

| **Exam Steps:**  *(Document exam steps taken or to be taken.)* | **Workpaper Reference** |
|---|---|
| 1.  Ensure AML Compliance program identifies procedures for identifying suspicious activity.  (A compliance program that does not address SAR activity is not an effective compliance program) | 320 |
| 2.  Determine whether the MSB has implemented appropriate SAR reviews | 320 |
| 3.  Analyze all financial services to ensure customers are not using multiple financial services to circumvent reporting or recordkeeping requirements. (Purchasing $2,000 money orders and wire transmitting $2,000 at the same time, or during one day) | 320 |
| 4.  Obtain explanation from Compliance Officer to any discrepancies, suspicious patterns identified for which the MSB has not filed a report. | 320 |
| 5.  Ensure suspicious activity identified meets the BSA definition, and not merely suspicious because of dollar amount. | 320 |
| 6.  Look for potential terrorist and illegal activity.  If found, did entity properly notify law enforcement? | 320 |
| 7.  Reconcile reportable transactions to the retained copies and CBRS for completeness and accuracy | 320 |
| 8.  Follow delinquent forms acquisition procedures (IRM 4.26.8.4) | 320 |

| **Facts:**  *(Document the relevant facts.)* |
|---|

1. AML Compliance program identifies procedures for identifying suspicious activity

2. No SARs were filed by the entity.

3. No suspicious activities noted between the 3 services. Although check cashing activity was unusual the MSB is not required to file SAR. Additionally, all unusual transactions did not involve monetary instrument.

4. N/A

5. No SARs filed by the location under exam

6. No transactions with potential terrorist and illegal activity found.

7. No reportable transactions noted

8. N/A

| **Law:**  *(Law, Regulations, court cases, and other authorities.  If Unagreed, add Argument)* |
|---|
| CFR § |
| Specific citations: |
| **Entity Position:**  *(If applicable)* |
| |

---

**Suspicious Activity Report Lead Sheet – Title 31**          **Workpaper #:**          **320-1.1**
**Rev. 11/2005**

| | |
|---|---|
| Entity Name: G & A Check Cashing | Examiner: Tony Nguyen |
| TIN: 95-4801199 | Date: 3/9/09 |
| Period Beginning:  12/1/2007 | |
| Period Ending:     5/31/2008 | |

## Violations Summary Form – Title 31

| Regulation | Violation | Number | Reference |
|---|---|---|---|
| 31 CFR 103.16 | Failure to File SAR-Insurance Companies | | |
| 31 CFR 103.18 | Failure to File SAR – Credit Unions | | |
| 31 CFR 103.20 | Failure to File SAR-MSB | | |
| 31 CFR 103.21 | Failure to File SARC | | |
| 31 CFR 103.22 | Failure to File CTR or CTRC | | |
| 31 CFR 103.24 | Failure to File FBAR (See Continuation Sheet) | | |
| 31 CFR 103.27 | Failure to File Timely and Accurate Forms | | |
| 31 CFR 103.28 | Failure to Secure Identification | | |
| 31 CFR 103.29 | Failure to Keep Records MO/TC | | |
| 31 CFR 103.32 | Failure to Make and Retain FBAR Records | | |
| 31 CFR 103.33 | Failure to Keep Records Money Transmission | | |
| 31 CFR 103.34 | Failure to Keep Records Credit Unions | | |
| 31 CFR 103.36 | Failure to Keep Records Casinos | | |
| 31 CFR 103.37 | Failure to Keep Records Currency Exchangers | | |
| 31 CFR 103.38 | Failure to Retain Records | | |
| 31 CFR 103.41 | Failure to Comply Registration Requirements | 1 | 300 |
| 31 CFR 103.63 | Structuring | | |
| 31 CFR 103.121 | Failure to Comply with Customer Identification Program Requirements for Credit Unions | | |
| 31 CFR 103.125 | Failure to Comply with AML Compliance Program Requirement 31 USC 5318(h)  **(MSBs)** | 4 | 140 |
| 31 CFR 103.137 | Failure to Comply with AML Compliance Program Requirement 31 USC 5318(h)   **(Insurance Companies)** | | |

| IRM | Recommendation | Yes | No | Reference |
|---|---|---|---|---|
| 4.26.8 | BSA No Change Letter 4029 | ☐ | ☐ | |
| 4.26.8.5 | Letter 1112 | ☑ | ☐ | 410 |
| 4.26.8.6 | Referral Form 5104 | ☐ | ☐ | |
| 4.26.8.7 | Referral Form 13639 | ☐ | ☐ | |
| 4.26.8.7 | Referral Form 2797 | ☐ | ☐ | |
| 4.26.16 | FBAR Civil Penalty Case File Civil Mitigation Guidelines | ☐ | ☐ | |

**Reason(s) for Recommendation:**

<mark>MSB failed to renew registration timely. AML program was not adequate and MSB failed to implement all parts of the program.</mark>

**Group Manager Approval: Initials:**            **Date:**

**Manager Comments:**

<br><br>

**Penalty Approval Form – Title 31**                    Workpaper #: 400-1.1
**Rev.**  02/2007

| | |
|---|---|
| Entity Name: G & A Check Cashing<br>TIN: 95-4801199<br>Period Beginning:  12/1/2007<br>Period Ending:      5/31/2008 | Examiner:  Tony Nguyen<br>Date: 3/3/09 |

## Fraud Awareness Lead Sheet – Title 31

**Conclusion:** *(Reflects the final determination on the issue.)*

| X | No Fraud [Comment required if violations are found] |
|---|---|
| | Indications of fraud [Explain]; Date of discussion with Manager: |

No indications of fraud found. However,

*The following items are not intended to be all-inclusive nor are they mandatory steps to be followed. Judgment should be used in pursuing the items that apply to each entity.*

### Guidelines

**Key Items:**

Fraud defined (IRM 25.1.1.2).

Indicators of fraud (IRM 25.1.2.2 & IRM 25.1.1.3):
1. Document discussion with Group Manager in the Conclusion section above
2. Discuss with Fraud Technical Advisor (FTA), if the FTA agrees that indications or affirmative acts of willfulness are present the examiner will initiate completion of the Bank Secrecy Act (BSA) Fraudulent Intent Referral Memorandum, Form 13639 (FIRM) & document discussion in the Conclusion section above.

Affirmative Acts of Fraud (IRM 25.1.1.3):
1. If firm indications and affirmative acts of willful BSA violations exists and criminal criteria are met, the FTA will recommend preparation of the Referral Report of potential Fraud Cases, Form 2797 in Part 6 of the BSA Fraudulent Intent Referral of Memorandum, Form 13639 (FIRM).
2. Group Manager will review, sign & date form and forward to the FTA.
3. FTA will review, sign & date form and forward to the FTA Manager.
4. FTA Manager will review, sign & date form and forward to the appropriate Criminal Investigation  Field Office for consideration.

| Additional Items: | Workpaper Reference |
|---|---|
| Form 13639 (FIRM) - Bank Secrecy Act (BSA), Fraudulent Referral Memorandum | |
| Form 2797 - Referral Report of Potential Criminal Fraud Case | |
| | |
| | |
| | |
| | |